IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SEAMUS GILLIGAN                                                          PLAINTIFF

vs.                                        Civil No. 5:21-cv-05213

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                      DEFENDANT


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Seamus Gilligan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the briefing and record in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff originally filed his disability applications on July 22, 2019.  (Tr. 27).[1]  In his applications, Plaintiff alleges being disabled due to mental health problems.  (Tr. 267).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11.   These references are to the page number of the transcript itself not the ECF page number.

alleged an onset date of September 30, 2018.  (Tr. 27).  Plaintiff's applications were denied initially and again upon reconsideration.  *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted.  (Tr. 156-205).  This hearing was held on November 25, 2020.  (Tr. 44-77).  At this hearing, Plaintiff was present, and represented by Victoria Morris.  *Id.*  Plaintiff and Vocational Expert ("VE"), Jim Spragins testified at the hearing.  *Id.*

Following the administrative hearing, on February 12, 2021, the ALJ entered an unfavorable decision.  (Tr. 27-38).  In this decision, the ALJ found Plaintiff met the insured status of the Act through June 30, 2021.  (Tr. 30, Finding 1).  The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since September 30, 2018.  (Tr. 30, Finding 2).

The ALJ then determined Plaintiff had the severe impairments of schizoaffective disorder, posttraumatic stress disorder, and anxiety.  (Tr. 30, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 30, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC.  (Tr. 31-36). The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id.*  The ALJ also determined Plaintiff retained the RFC to perform work at all exertional levels, but limited to simple, routine, and repetitive tasks with few variables and little judgment required; supervision that is simple, direct, and concrete, and social interaction that is incidental to the work performed.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 36, Finding 6).  The ALJ determined Plaintiff was capable of performing his PRW as a dishwasher and bus person.  *Id.*

Based upon this finding, the ALJ determined Plaintiff had not been disabled from September 30, 2018, through the date of the decision.  (Tr. 38, Finding 7).

On November 30, 2021, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 13, 14.  This case is now ready for decision.

## 2.  <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 13. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in failing to find Plaintiff met a Listing; (B) the ALJ erred in the RFC determination; and (C) the ALJ failed to properly evaluate the opinion evidence. *Id.* The Court will consider each of these arguments.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable

impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included schizoaffective disorder, posttraumatic stress disorder, and anxiety. (Tr. 30, Finding 3). However, the ALJ found no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

At step three, the ALJ concluded Plaintiff's impairments, individually and in combination, did not meet or medically equal the severity of any listing. (Tr. 30). In particular, Plaintiff's mental impairments did not meet the requirements of Listing 12.03 for schizophrenia spectrum and other psychotic disorders. (Tr. 30-31). For this listing, a claimant must prove he meets both the "paragraph A" criteria and either the "paragraph B" or "paragraph C" criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.03. The paragraph B criteria require at least one extreme or two marked limitations in any of four areas of mental functioning. *See id.* § 12.03(B). The paragraph C criteria require that the mental disorder be "serious and persistent," and supported by evidence of both medical treatment and marginal adjustment. *See id.* § 12.03(C). In this matter, Plaintiff does not contest the ALJ's determination with respect to the paragraph B criteria. Instead, the Plaintiff argues the ALJ erred by not finding Plaintiff met the paragraph C criteria. ECF No. 13, Pgs. 3-9.[2]

---

[2] Although the ALJ did not address the requirements of Paragraph A for listing 12.03, neither Plaintiff nor Defendant seem to dispute Plaintiff's impairments satisfied the Paragraph A criteria.

Here, the ALJ expressly addressed Listing 12.03, specifically finding the evidentiary record failed to indicate or suggest that the Plaintiff's mental disorder was serious and persistent as required by paragraph C. (Tr. 31). The ALJ discussed and the record supports a finding that the C criteria were not met because Plaintiff's treatment notes and hearing testimony demonstrated he was able to care for himself independently, function outside of the home, and adapt to new demands and changes in the environment at a minimum level.

Further, the ALJ specifically found Plaintiff's mental impairments did not meet any Listing. The ALJ discussed at length his findings in support by discussing Plaintiff's relevant medical history, functioning, and testimony. Plaintiff has not demonstrated his impairments meet any Listing. Accordingly, the Court also finds Plaintiff has not met his burden on this issue. The Court finds no basis for reversal on this issue.

## B. RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

6

2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.   *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform work at all exertional levels, but limited to simple, routine, and repetitive tasks with few variables and little judgment required; supervision that is simple, direct, and concrete, and social interaction that is incidental to the work performed.  (Tr. 31).  Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 9-11.  However, substantial evidence supports the ALJ's RFC determination.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible.  (Tr. 31-38).  The ALJ considered the results of objective diagnostic tests, examination findings, and discussed these in her decision.  *Id*.  The ALJ also considered findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id.*

Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating his alleged limitations.  *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000).  Without more, the Court cannot find the ALJ erred in assessing his RFC.  The mere fact Plaintiff suffers from a number of different impairments does not demonstrate he is disabled due to those impairments.

Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. Evaluation of Opinion Evidence**

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed on July 22, 2019, this new rule applies here, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.* Although Plaintiff argues the ALJ failed to properly evaluate medical opinion evidence, he essentially alleges error based on an inconstancy among medical opinions. ECF No. 13, Pgs. 11-15.

To begin with, the ALJ fully complied with the regulations about evaluation of medical opinions. He discussed Plaintiff's treatment throughout the opinion and then considered the opinions of Dr. Mary Jane Sonntag, Dr. Rachel Morrisey, and Dr. Keven Santulli and set forth why she found them persuasive. (Tr. 31-36).

As far as any inconstancy among medical opinions, a court must affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which has been defined to mean "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue,* 557 F.3d 923, 925 (8th Cir. 2009). Even if two inconsistent conclusions can be drawn from the evidence, the Court must affirm if one of those conclusions is consistent with the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Finally, a diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

The ALJ did evaluate the required factors that the ALJ is required to consider. Accordingly, the Court finds the ALJ properly considered the opinions of these treating sources as required by the social security regulations. Further, it is not the task of a court to review the evidence and make

an independent decision.  Neither is it to reverse the decision of the ALJ because there is some evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In this matter, substantial evidence supports the ALJ's decision.

**4.**      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 26th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE